# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
SHARON BAILEY, * No. 22-0070V
*
Petitioner, *
* Special Master Christian J. Moran
v. *
* Filed: October 13, 2026
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway Homer, P.C., Boston, MA, for petitioner;
Naseem Kourosh, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Petitioner, Sharon Bailey, seeks compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 through 34, alleging that an influenza vaccine caused her to develop Guillain-Barré syndrome ("GBS"). On September 29, 2026, Ms. Bailey moved for a decision dismissing her petition. For the reasons explained below, her motion is granted and her case is dismissed for insufficient proof.

**Procedural History**

Ms. Bailey filed her petition on January 24, 2022, and an amended petition on May 31, 2023, alleging that the influenza vaccine she received on September 2, 2020 caused her GBS. The Secretary recommended against compensation, disputing both the diagnosis and whether onset occurred within the Table period. Resp't's Rep., filed Mar. 14, 2024, at 13-14.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Ms. Bailey submitted a report from Dr. David Simpson on April 15, 2025. Exhibit 18. Dr. Simpson attributed her September 4, 2020 back pain to longstanding sciatica and placed the onset of GBS approximately nine days after vaccination. Id. at 6, 9-11. The Secretary filed Dr. Robert Naismith's report on September 29, 2025. Exhibit A. Dr. Naismith agreed with the GBS diagnosis but concluded that the September 4 back pain marked its onset and that the two-day interval was too short to support vaccine causation. Id. at 1-3. In a supplemental report filed March 9, 2026, Dr. Simpson maintained that the early back pain was unrelated to the later GBS symptoms, emphasizing Ms. Bailey's history of sciatica and improvement in her back pain before the reported onset of weakness. Exhibit 33 at 1-2.

A Tentative Finding Against Entitlement issued on June 4, 2026. The finding noted that the GBS diagnosis was no longer disputed but concluded that Ms. Bailey was unlikely to establish entitlement because her pain and weakness began within two days of vaccination. The finding explained that this onset fell outside the Table period and that Dr. Simpson had not offered an opinion supporting causation based on a two-day onset. Ms. Bailey was directed to state whether she intended to continue her case or move to dismiss.

Ms. Bailey initially wished to proceed and requested an opportunity to obtain another expert report, citing decisions in which shorter onset intervals had been accepted. Pet'r's Status Rep., filed July 9, 2026, at 2-3. Following the July 22, 2026 status conference, her request to obtain another report from Dr. Simpson was denied. Ms. Bailey later indicated that she intended to proceed pro se, but reconsidered and moved to dismiss. Pet'r's Mot., filed Sept. 29, 2026, at 1-2. She acknowledges that dismissal will result in a judgment against her and intends to preserve her ability to pursue a civil action. Id. at 2.

**Analysis**

To receive compensation, a petitioner must establish either a "Table Injury" corresponding to a covered vaccination or an injury actually caused by a vaccine. 42 U.S.C. §§ 300aa-11(c)(1), 300aa-13(a)(1)(A). An award may not rest on the petitioner's claims alone; it must be supported by medical records or the opinion of a competent physician. § 300aa-13(a)(1). Although Ms. Bailey submitted medical records and expert reports, she now requests dismissal and entry of judgment against her. Her request for dismissal with entry of judgment is considered under Vaccine Rule 21(b).

The dispositive issue is onset. The Table requires the first symptom or manifestation of GBS to occur not less than three days and not more than 42 days after influenza vaccination. 42 C.F.R. § 100.3(a)(XIV)(D). The evidence preponderates in favor of finding that Ms. Bailey's GBS began within two days of her September 2, 2020 vaccination.

At Ms. Bailey's September 10, 2020 appointment, nurse practitioner Virginia Hiltner recorded that back pain began "last week Friday," meaning September 4, 2020. Exhibit 4 at 515. Ms. Bailey described the pain as similar to sciatica she had experienced years earlier, and reported that it had improved the preceding day and the day of the appointment. Id. These details support Dr. Simpson's interpretation. Exhibit 33 at 1-2. However, the hospitalization records associate the back pain with the other symptoms of her developing neurological illness. Dr. Szymanski recorded that the illness began with back pain radiating into her legs. Exhibit 4 at 661. Dr. Macari recorded lower-extremity weakness, radiating back pain, and difficulty emptying her bladder beginning approximately 24 hours after influenza vaccination. Exhibit 11

at 238. Unlike other histories containing an erroneous vaccination date, Dr. Macari's history describes the interval without relying on that incorrect date. See Exhibit 4 at 660; Exhibit 11 at 229, 238, 262.

Considered together, these records favor Dr. Naismith's interpretation that the early back pain was a manifestation of GBS. Exhibit A at 3. Dr. Naismith explained that pain may precede weakness in GBS by several days and that Ms. Bailey's deep, radiating back pain was consistent with that presentation. Exhibit A at 2-3. The reported improvement and prior sciatica do not outweigh this explanation and the histories linking the back pain with her developing illness. Accordingly, the undersigned finds that Ms. Bailey's GBS manifested within two days of vaccination. She therefore does not qualify for the Table's presumption of causation.

For an off-Table claim, Ms. Bailey must establish by preponderant evidence a medical theory connecting the vaccination and injury, a logical sequence of cause and effect showing that the vaccination caused the injury, and a medically appropriate temporal relationship between vaccination and injury. Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). The third prong is dispositive here. Dr. Simpson's causation opinion assumed an onset approximately nine days after vaccination; he did not explain how the vaccine could cause Ms. Bailey's GBS within two days. Exhibit 18 at 6, 9-11; Exhibit 33 at 1-2. Dr. Naismith explained that the two-day interval was inconsistent with the time needed for the humoral immune response underlying GBS. Exhibit A at 2-3.

Ms. Bailey's July status report cited cases recognizing that a shorter onset may be medically acceptable on an appropriate evidentiary record. Pet'r's Status Rep. at 2-3. But those decisions do not establish that the interval was medically appropriate in this case. The deficiency is not simply that onset falls outside the Table period; it is that the evidence presented does not persuasively support vaccine causation within the interval established by Ms. Bailey's records. Ms. Bailey has therefore not satisfied the third Althen prong, and consideration of the remaining prongs is unnecessary.

Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly. See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master